UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **JANE DOE,** ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 3:22-cv-00047-CDL |
| **CLARKE COUNTY SCHOOL DISTRICT,** ) | |
| ) | |
| Defendant. ) | |

**PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

Documents and information have been requested and will be produced by the Parties in this action, voluntarily or pursuant to discovery proceedings, which may constitute or reflect confidential, private, personal, or other information of a sensitive nature. In order to adequately protect, preserve, and maintain the confidentiality of certain documents and other information produced in the above-captioned action, and to expedite the flow of discovery and to facilitate the prompt resolution of disputes over confidentiality; and

It appearing that the Parties consent to entry of this Consent Protective Order, and having considered the matter and finding that good cause has been shown within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED THAT** this Consent Protective Order ("Protective Order") be entered in the above styled cause of action and be binding upon the parties herein as set forth below:

**I.   CONFIDENTIALITY ORDER**

The Parties, by and through their counsel, stipulate and agree that this Consent Protective Order and any designation of a document, material or information (whether written, graphic, or

1

electronic) as "Confidential Information" or "Confidential Documents" subject to this Protective Order is intended solely to facilitate prompt discovery and the preparation for trial in the above-referenced litigation. It does not create any privilege and is subject to further order of the Court.

## II.     SCOPE OF ORDER

This Protective Order shall govern all hard copy and electronic materials, the information contained therein, and all other information, including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response, or otherwise, produced by any party to this proceeding (the "Supplying Party") to any other party (the "Receiving Party"). This Protective Order is binding upon all Parties and their counsel, including their respective affiliates, experts, consultants, representatives, employees, and others as set forth in this Protective Order.

1. This Protective Order shall not be construed to allow for global designations of all documents as "Confidential Documents," or for the designation of documents generally available to the public as "Confidential Documents." Rather, in designating a document as a "Confidential Document," the Supplying Party shall do so in good faith based on the contents of the document or material at issue, and consistent with the provisions of this Order and rulings of the Court.

2. As used herein, "Confidential Information" or "Confidential Documents" means any documents or disclosure of information, in whatever form, which the producing party reasonably believes, in good faith, reveals non-public information of a sensitive nature about the party (or of another person which information the party is under a duty to maintain in confidence) that will cause a clearly defined and serious injury to the designating party if disclosed that outweighs the public's interest in disclosure.

3. All documents designated as "Confidential Information" or "Confidential Documents" pursuant to this Protective Order shall have stamped or printed thereon "CONFIDENTIAL." Placement of the "Confidential" designation on each protected page shall designate the document as "Confidential Information" or "Confidential Documents" subject to the provisions of this Protective Order. "Confidential" designations or watermarks shall be affixed in such a manner as not to obliterate or obscure any written material. Copies, extracts, summaries, notes, and other derivatives of confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Protective Order. The foregoing sentence, however, does not include indices or other documents that do not contain the substantive Confidential information.

4. Any designation of confidentiality by a party may be challenged by another party. The party making such challenge shall first consult with the other party in an attempt to resolve the dispute. In the event the parties are unable to resolve the dispute, the party making the challenge shall submit the matter to the Court. On any motion to the Court regarding claims of confidentiality, the designating party shall have the burden of establishing the confidentiality of the material or documents. Pending such resolution by the Court, the information in question shall continue to be treated as Confidential in accordance with the provisions of this Protective Order.

5. Inadvertent failure to designate any documents as "Confidential Documents" shall not constitute a waiver of the designating Party's right to secure protection under this Order for such material, so long as written notice is provided to counsel for all other parties within a reasonable time after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

6. Production under this Order is not a waiver of any existing rights of confidentiality or privilege as to the documents, which shall retain such rights as to any other requests and all third- parties unless such persons receive the documents under this Order and subject to its conditions.

## III.     PRODUCTION FOR DISCOVERY PURPOSES

A. <u>Student Records or Other Records of Students Other than Plaintiff</u>

The Parties acknowledge that the release of student records and information is governed by the Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232g(b)(2)(B). If Defendant intends to produce the student records of students other than Plaintiff, the Parties agree to cooperate to ensure compliance with the relevant notice provisions of FERPA. If any such student records of students other than Plaintiff are ultimately produced, the Parties will keep the documents private and confidential and shall only be filed with the Court pursuant to the Court's Local Rules regarding redaction and filing under seal.

1. Jane Doe's educational records and information produced shall be designated as "Confidential Documents" and be subject to the provisions of this Order. These documents may be used in discovery and do not need to have redacted names or identifiers for this initial production. Such versions of the documents may not be filed and the Parties shall keep such documents otherwise private and confidential. Any further use of the documents can be only under the Local Rules and consistent with the Court's rules of redaction and shall be filed as protected and confidential documents under seal.

B. <u>Authorization to Produce Employment Records</u>

Pursuant to O.C.G.A. § 20-2-210 and the Family Medical Leave Act, or other provisions of law which pertain to teachers or school employees and their personnel records, including their criminal background check records, evaluations, instructions and discipline, the unredacted

employment records of the parties and any current or prior employee of the Defendant relevant to the above styled civil action are hereby authorized to be produced upon written request by counsel for the parties or the existing discovery. All Personnel and Employment records of non-parties shall be designated as "Confidential Documents" and be subject to the provisions of this Order. Any use of criminal background check documents of third parties shall only be filed with the Court pursuant to the Court's Local Rules regarding redaction and filing under seal.

C.   <u>Medical and Mental Health Records</u>

All medical and mental health records shall be designated as "Confidential Documents" and be subject to the provisions of this Order.

D.   No person receiving any designated "Confidential Document" or "Confidential Information" shall reveal the information to or discuss that information with any person who is not also entitled to receive that information under the terms of this Order. All third persons shall be shown a duly executed copy of this Order and shall agree to abide by the terms of this Order. Plaintiff's attorneys shall review the "confidential" information that Defendants have agreed to produce pursuant to this order. If Plaintiff's attorneys determine there are documents, forms, or information which are potentially relevant to Plaintiff's litigation and which Plaintiff's attorneys need to disclose to Plaintiff in order to assist them in the prosecution of Plaintiff's case, Plaintiff's attorneys shall disclose those documents to Plaintiff on the condition that Plaintiff agrees that she will at all times maintain the confidentiality of this information and will not disclose in any manner whatsoever either the documents themselves, copies thereof, or the contents of any confidential information to anyone other than her attorneys or a member of her attorneys' staff. This prohibition specifically includes, but is not limited to, disclosure by Plaintiff of such confidential documents to members of her family or other employees of the School District.

E.      The Parties shall keep all Confidential Documents received under this Order, including all copies of such materials, and all summaries, extracts, and compilations thereof, within their exclusive possession and control, except as provided above, and shall take reasonable steps to maintain the confidential nature of such material. Except as permitted herein, no person shall have access to the forgoing material and information unless they have some other legal or authorized right of access.

F.      Any person having access to material information designated "Confidential Documents" under this Order, including legal assistants, paralegals, consultants, investigators and experts, are permitted to make copies, extracts, summaries, or descriptions of the material or information or any portion thereof as necessary for the preparation and trial of this litigation, provided however that such copies, extracts, summaries, or descriptions will themselves be treated and disclosed only pursuant to the terms of this Protective Order.

G.      The Parties are permitted to use the documents in discovery and depositions and may identify the documents or ask questions concerning such documents. Any such deposition may be designated as a "Confidential Document," and thereafter, such sections of the deposition, or the documents attached thereto which carry such designation, shall be treated as a confidential document under this agreement.

H.      "Confidential Documents" shall not be filed with the Court, except as is legally necessary for the orderly and normal litigation of the issues before the Court. The Parties hereto shall join in any reasonable motion that such filing, or filed document, be made under seal or sealed. The decision to seal any filings in this litigation shall be made by the Court upon the filing of a proper motion.

IV.     **FINAL DISPOSITION OF LITIGATION**

Within sixty (60) days of final termination of this action, whether by judgment, settlement or, otherwise, upon written request from counsel for the Supplying Party, counsel for all Parties shall upon request, provide a written statement to counsel for the Supplying Party that all materials and all copies thereof in his/her possession that were designated by Supplying Party as "Confidential Documents" in accordance with this Order have been destroyed.

## V.   MODIFICATIONS

A. Any party for good cause shown may apply to the Court for modification of this Protective Order.

B. The parties shall file a proposed amended order with the pretrial order addressing the management and use of such documents at trial.

## VI.   HEARINGS AND TRIAL

Notwithstanding the foregoing provisions, if otherwise admissible under the Federal Rules of Evidence, confidential materials covered by this Protective Order may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence notifies counsel for the producing or designating Party prior to the hearing or trial. Any Party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure, including, but not limited to, removal from the courtroom of persons not authorized by this Protective Order to receive Confidential Documents. If presented at trial, the status of evidence as Confidential shall not be disclosed to the finder of fact. Nothing contained in this Order shall be construed as a waiver of any objection which might be raised as to the admissibility of any evidentiary material.

SO Ordered this _7th day of April, 2023.

                                      _S/Clay D. Land

                                      U.S. District Judge

Consented to by:

Attorneys for Plaintiff:

PENN LAW, LLC

BY:   /s/ *Darren W. Penn*
        _____
        DARREN W. PENN
        Georgia Bar No. 571322
        Darren@pennlawgroup.com
        ALEXANDRA "SACHI" COLE
        Georgia Bar No. 696892
        Sachi@pennlawgroup.com
        KEVIN M. KETNER
        Georgia Bar No. 418233
        Kevin@pennlawgroup.com

4200 Northside Parkway, NW
Building One, Suite 100
Atlanta, Georgia 30327
Phone/Fax: (404) 961-7655

                                      Kamau Hull, Esq.
                                      kamau@thehullfirmllc.com

The Hull Firm, LLC
3720 Atlanta Highway
Suite 3
Athens, GA 30606

Attorneys for Defendant:

                                      **HALL BOOTH SMITH, P.C.**

                                      */s/ Russell Britt*
                                      _____
                                      RUSSELL A. BRITT
                                      Georgia Bar No. 473664

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA  30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
Email:  rbritt@hallboothsmith.com

                                        ANDREA L. JOLLIFFE
                                        Georgia Bar No. 176556

440 College Avenue North, Suite 120
Athens, GA 30601
Tel:  706-316-0231
Fax:  706-316-0111
Email:  ajoliffe@hallboothsmith.com

                                        *Counsel for Defendant Clarke County School District*